**LEVI & KORSINSKY LLP**
ADAM M. APTON (SBN 316506)
ADAM C. MCCALL (SBN 302130)
445 South Figueroa Street, 31st Street
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Michael Leonard
and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KAMAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WINS FINANCE HOLDINGS INC., RENHUI MU, and JUNFENG ZHAO,<br><br>Defendants. | No. 2:20-cv-06656-ODW<br><br>**MICHAEL LEONARD'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>DATE: October 26, 2020<br>TIME: 1:30 PM<br>JUDGE: Hon. Otis D. Wright, II<br>CTRM: 5D, 5th Floor |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...............................................................................................ii

ARGUMENT .................................................................................................................1

     I.      LEONARD IS THE MOST ADEQUATE LEAD PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION. ..............................................................................1

     II.     LEONARD'S CHOICE OF COUNSEL SHOULD BE APPROVED. ...........................................................................................4

CONCLUSION .............................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005) ..................................................................................................3

*Hufnagle v. Rino Int'l Corp.*,
   No. CV 10-8695, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011) ........3

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...............................................................................2, 3

*Richardson v. TVIA, Inc.*,
   Case Nos. No. C-06-06304 RMW, No. C-06-07307 RMW, 2007 U.S. Dist.
   LEXIS 28406 (N.D. Cal. Apr. 16, 2007) .............................................................2

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ..........................................................................1, 2, 3, 4

## PRELIMINARY STATEMENT

Movant Michael Leonard ("Leonard")'s motion for appointment as lead plaintiff and selection of counsel should be granted. Between the four movants seeking appointment as lead plaintiff, Leonard has sustained the largest loss in Wins Finance Holdings Inc. ("WINS") securities:

| Movant | Claimed Loss |
|---|---|
| Michael Leonard | $10,275.64 |
| Beny Babu | $2,228.55 |
| Marco Herrera | $3,924.00 |
| Steven A. Graves Jr. | $4,685.91 |

With over $10,275 in losses, Leonard is the movant with the "largest financial interest" in the action and, therefore, is presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). Given Leonard's willingness and suitability to serve as lead plaintiff, he respectfully requests that his motion be granted in its entirety.

## ARGUMENT

### I.  LEONARD IS THE MOST ADEQUATE LEAD PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff 'the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members.'" 15 U.S.C. § 78u-4(a)(3)(B)(i). When deciding among competing lead plaintiff

movants, the Court must first determine which investor possesses the largest financial interest, and then – absent any showing that could rebut such movant's adequacy or typicality – appoint that investor as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C § 78u-4(a)(3)(B)(iii). The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *In re Cavanaugh,* 306 F.3d at 732.

Courts in this District have considered the following factors when identifying the movant with the greatest financial interest: 1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Ferrari v. Gisch*, 225 F.R.D. 599, 604 (C.D. Cal. 2004).  Of these factors, the last factor, the "approximate losses suffered", is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Richardson v. TVIA, Inc.*, Case Nos. No. C-06-06304 RMW, No. C-06-07307 RMW, 2007 U.S. Dist. LEXIS 28406, at *13-14 (N.D. Cal. Apr. 16, 2007).

Leonard purchased a total of 333 shares during the Class Period and expended net funds of $18,787.20. Compared to the other movants, who either purchased fewer shares during the Class Period or had smaller investments at the end of the Class Period, Leonard is entitled to the presumption of "most adequate plaintiff." Relative to the other movants, Leonard has the largest financial interest of any qualified movant, as demonstrated in the table below:

| Movant | Shares Held | Net Expense | Loss |
|--------|-------------|-------------|------|
| Leonard | 333 | $18,787.20 | $10,275.64 |
| Babu | 140[1] | $6,610.55 | $2,228.55 |
| Herrera | 236 | $10,030.00 | $3,924.00 |
| Graves | 304 | $12,490.50 | $4,685.91 |

(Dkt. Nos. 17-4 (Leonard), 28-2 (Babu), 22-1 (Herrera), 25-3 (Graves).)

Leonard's presumption as "most adequate plaintiff" may be rebutted only upon proof by a class member that Leonard "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh,* 306 F.3d at 741. Leonard meets the adequacy and typicality requirements of Rule 23 for the reasons stated in his memorandum of law in support of his motion, which are based in part on the information provided in his Certification. (Dkt. No. 17-3 (providing background information about Leonard's employment experience and investing history).)  Therefore, the competing movants must provide "proof" to the contrary to overcome his presumption as the "most adequate plaintiff." *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695, 2011 U.S. Dist. LEXIS 19771, at *20 (C.D. Cal. Feb. 14, 2011) (unique defense not present where movant failed to submit proof). This they cannot do.

---

[1] Babu purchased 500 shares of WINS stock on June 25, 2020, and then sold them the same day for a profit of $500.05. (*See* Dkt. No. 28-2.) Thus, these shares are not included in the table above, leaving Babu with intra-Class Period purchases of only 140 shares. The 500 shares are excluded because they did not result in a loss for Babu and, for all intents and purposes, are irrelevant to the allegations at bar. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 345 (2005) ("[T]he statutes make these latter actions available, not to provide investors with broad insurance against market losses, but to protect them against those economic losses that misrepresentations actually cause.").

## II.    LEONARD'S CHOICE OF COUNSEL SHOULD BE APPROVED.

Leonard has selected and retained Levi & Korsinsky, LLP as the proposed Lead Counsel for the Class. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Given Levi & Korsinsky's extensive experience in the securities litigation area, Leonard's choice of counsel should be approved. (*See* Dkt. No. 17-6.)

**CONCLUSION**

For the foregoing reasons, Leonard respectfully requests that this Court: (1) appoint Leonard as Lead Plaintiff for the Class in the above captioned actions; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated:  October 5, 2020                Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Street
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Michael Leonard*
*and Proposed Lead Counsel for the Class*

## **PROOF OF SERVICE**

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action.

On October 5, 2020, I served the following document:

MICHAEL LEONARD'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

by posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 5, 2020.


_____/s/ Adam M. Apton_____
Adam M. Apton

MICHAEL LEONARD'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 2:20-cv-06656-ODW
5